# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JIM'S SPEED SHOP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION FILE NO.** |
| ) | |
| ) | _____ |
| **MATCO TOOLS CORPORATION** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## NOTICE OF REMOVAL

COMES NOW Matco Tools Corporation ("Matco" or "Defendant"), by and through its undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, showing this Court as follows:

1.

Defendant has been named in a civil action filed in the Superior Court of Gwinnett County, State of Georgia, Civil Action File Number 24-A-08538-10. This Notice of Removal is filed with the United States District Court for the Northern District of Georgia, Atlanta Division, within thirty (30) days of service upon Defendant of the initial pleading.

2.

Defendant attaches hereto as Exhibit "A" a true and correct copy of all of the process, pleadings (as defined by Federal Rule of Civil Procedure 7), and orders served on Defendant in this action to date, as required by 28 U.S.C. § 1446(a).

3.

The United States District Court for the Northern District of Georgia, Atlanta Division, is the district court having jurisdiction over the place where the state action is pending pursuant to 28 U.S.C. § 90(a)(2).

4.

A copy of this Notice of Removal has been filed with the Clerk of the Superior Court of Gwinnett County, State of Georgia, as required by 28 U.S.C. § 1446(d).

## **DIVERSITY OF JURISDICTION**

5.

Removal in this case is proper pursuant to 28 U.S.C. § 1332(a)(1).

6.

Plaintiff Jim's Speed Shop is organized and existing under the laws of the State of Georgia with its principal place of business in Georgia. Therefore, it is a citizen of the State of Georgia. *See* Complaint, ¶ 2.

7.

Defendant Matco is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Ohio. Therefore, Matco is a citizen of the State of Delaware or Ohio. *See* Complaint, ¶ 3.

8.

This controversy is, therefore, between citizens of different states pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

9.

To establish that the amount-in-controversy requirement is met under 28 U.S.C. § 1446(a) in a notice of removal, a defendant need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

10.

Plaintiff Jim's Speed Shop has stated in its Complaint that, "as a direct and proximate cause of the Defendant's breach of contract, the Plaintiff has been injured in the amount of not less than $17,000…." See Complaint, ¶ 18.

11.

Plaintiff Jim's Speed Shop has stated in its Complaint that, "as a direct and proximate cause of the Defendant's purported violations of the UDTPA, the Plaintiff has been injured in the amount of not less than $17,000…." See Complaint, ¶ 22.

12.

Plaintiff Jim's Speed Shop has stated in its Complaint that, "as a direct and proximate cause of the Defendant's purported violations under the CCR, FCRA, and UDTPA as set forth in this Complaint, the Plaintiff has been injured in the amount of not less than $17,000…." See Complaint, ¶ 27.

13.

Plaintiff Jim's Speed Shop has stated in its Complaint that, "as a direct and proximate cause of the Defendant's breach of contract, the Plaintiff has been injured in the amount of not less than $17,000…." See Complaint, ¶ 31.

14.

Plaintiff Jim's Speed Shop has stated in its Complaint that, "as a direct and proximate cause of the Defendant's violation [of the FRCA, 15 U.S.C. 1681s-2, and 16 C.F.R. 660], the Plaintiff has been injured in the amount of not less than $17,000…." See Complaint, ¶ 35.

15.

Plaintiff Jim's Speed Shop has stated in its Complaint that, as a result of the totality of the Defendant Matco's purported actions, "Plaintiff is therefore entitled to punitive damages against defendants [sic] in the amount of $100,000…." See Complaint, ¶ 46.

16.

Consideration of punitive damages in the determination of the amount in controversy is permissible, especially where the amount of punitive damages claimed is explicitly stated. See *Smith v. Bally's Holiday*, 843 F.Supp. 1451, 1453 (N.D. Ga., Feb. 16, 1994) (removal on the basis of "nebulous" punitive damages claims was not permitted, but reliance on statements from Plaintiff's counsel remedied issue of amount of controversy).

17.

The amount in controversy for all of Plaintiff's claims, as separately enumerated in the Complaint, totals $185,000.00.

18.

The amount in controversy therefore exceeds the sum or value of $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

19.

**WHEREFORE**, Defendant prays that this Notice of Removal be filed and this action be removed to proceed in this Court and that no further proceedings be had in the Superior Court of Gwinnett County.

This 27th day of November, 2024.

>*/s/ Alycen A. Moss*
>Alycen A. Moss
>Georgia Bar No. 002598
>Samuel M. Lyon
>Georgia Bar No. 921804
>COZEN O'CONNOR
>The Promenade, Suite 400
>1230 Peachtree Street, N.E.
>Atlanta, GA  30309
>Telephone:  (404) 572-2052
>Facsimile:   (877) 728-1396
>E-mail:   amoss@cozen.com
>E-mail:   slyon@cozen.com
>
>*Attorneys for Defendant Matco Tools Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JIM'S SPEED SHOP,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MATCO TOOLS CORPORATION** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION FILE NO.**<br><br>_____ |

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of Court using the CM/ECF system. A copy of this filing is also being served upon all counsel by placing a true and correct copy in the United States Mail, addressed as follows:

Chris Denison, Esquire
1735 Buford Hwy, Suite 215, No. 272
Cumming, GA 30041
cdenison@denisonandassociates.com
*Attorney for Plaintiff*

/s/ *Alycen A. Moss*
Alycen A. Moss
Georgia Bar No. 002598

7